**AMERICAN FOREIGN SERVICE ASSOCIATION, Plaintiff,**

v.

**Steven GARFINKEL, et al., Defendants.**

**Civ. A. No. 88–0440–OG.**

United States District Court, District of Columbia.

March 1, 1990.

Patti Goldman and Alan Morrison, Public Citizen Litigation Group, Washington, D.C., for plaintiff.

Neal Dittersdorf, Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM

GASCH, Senior District Judge.

## INTRODUCTION

This case involves the validity of the confidentiality agreement forms that many of the Executive Branch employees are required to sign. The case was remanded to this Court by the Supreme Court. The case has been greatly simplified since it was last before this Court. Now—at least at this point—only one of the former plaintiffs is proceeding on one specific legal theory. Before the Court is the plaintiff's motion for a preliminary injunction, as well as the government's motion to dismiss. The question in these motions is one of statutory construction.

The Court concludes that the plaintiff has failed to allege facts that state a claim upon which relief can be granted. Thus, the Court dismisses the plaintiff's complaint and does not rule on plaintiff's motion for a preliminary injunction.

## FACTS

This case was originally before this Court in 1988. It was then a broad challenge by a number of plaintiffs to the Executive Branch's failure to comply with a statute, the Continuing Resolution for Fiscal Year 1988, § 630 ("630"), Pub.L. No. 100–202, 101 Stat. 1329, 1329–432 (1987), by continuing to use two nondisclosure agreement forms—Standard Forms 189 and 4193 —which were then being utilized.

This Court held that § 630 was unconstitutional as a violation of the separation of powers doctrine. *See National Federation of Federal Employees v. United States*, 688 F.Supp. 671, 683–85 (D.D.C. 1988) ("The statute impermissibly restricts the President's power to fulfill obligations imposed upon him by his express constitutional powers and the role of the Executive in foreign relations."). This Court's decision was appealed directly to the Supreme Court. In light of a number of changed circumstances in the dispute [1], the Supreme Court remanded the case to the District Court. *See American Foreign Service Association v. Garfinkel*, —— U.S. ——, 109

---

1. For example, the particular statute in question, § 630, had expired. It has now been replaced by a similar statute. Also, the Executive Branch had removed the term, "classifiable" from the confidentiality forms. The term "classifiable" had been the subject of another decision from the District Court in which this Court found the term to be unconstitutionally vague.

*See National Federation of Federal Employees v. United States*, 695 F.Supp. 1196 (D.D.C.1988). The Supreme Court remanded the case and suggested that the plaintiffs, in light of the changed circumstances, "would be forced to amend their complaint." *American Foreign Service Association v. Garfinkel*, —— U.S. ——, 109 S.Ct. 1693, 1697, 104 L.Ed.2d 139 (1989) (per curiam).

S.Ct. 1693, 104 L.Ed.2d 139 (1989) (per curiam).

The Supreme Court admonished the District Court that it should avoid unnecessary constitutional rulings and "should not pronounce upon the relative constitutional authority of Congress and the Executive Branch unless it finds it imperative to do so." *Id.* 109 S.Ct. at 1698. The Supreme Court stated that

> [o]n remand, the District Court should decide first whether the controversy is sufficiently live and concrete to be adjudicated and whether it is an appropriate case for equitable relief, and then decide whether the statute and forms are susceptible of a reconciling interpretation; if they are not, the court may turn to the constitutional question....
>
> ....

*Id.*

This Court granted the plaintiff's motion to amend its complaint on January 3, 1990. This amended complaint significantly narrows the issues originally before the Court. The new complaint reflects the fact that the old statute has expired and has been replaced by a similar one, the Treasury, Postal Service and General Government Appropriations Act of 1990 § 618, Pub.L. No. 101–136, 103 Stat. 783, 820 (1989) ("§ 618"). Also, the forms now in use by the government have been changed. The new forms are called Standard Forms 312 ("SF 312") and 4355. These new forms no longer use the term "classifiable".

At the heart of this dispute is the particular language of § 618, which was signed into law by President Bush on November 3, 1989.[2] Section 618 states

> No funds appropriated in this or any other Act for fiscal year 1990 may be used to implement or enforce the agreements in Standard Forms 312 and 4355 of the Government or any other nondis-

closure policy, form or agreement if such policy, form or agreement:

(1) concerns information other than that specifically marked as classified; or, unmarked but known by the employee to be classified; or, unclassified but known by the employee to be in the process of a classification determination;

(2) contains the term classifiable;

(3) directly or indirectly obstructs, by requirement of prior written authorization, limitation of authorized disclosure, or otherwise, the right of any individual to petition or communicate with Members of Congress in a secure manner as provided by the rules and procedures of Congress;

(4) interferes with the right of Congress to obtain executive branch information in a secure manner as provided by the rules and procedures of Congress;

(5) imposes any obligations or invokes any remedies inconsistent with statutory law:

> *Provided,* that nothing in this section shall affect the enforcement of those aspects of such nondisclosure policy, form or agreement that does not fall within subsection (1)–(5) of this section.

Based upon a legal opinion by the Department of Justice dated January 8, 1990, the Executive Branch continues to mandate that certain employees sign Standard Forms 312 and 4355, even though § 618 is now law. *See* Exhibit 6 to Amicus Curiae Brief. Plaintiff's members are required to sign SF 312, and therefore, SF 312 is the basis of the suit.

DISCUSSION

The dispute between the parties centers on the question of how § 618 should be read. A glance at the text of the statute reveals that it is somewhat ambiguous. The plaintiff believes that the statute plain-

---

**2.** President Bush noted certain objections to § 618 at the time that he signed it. He stated that the Section could be interpreted to suggest that the President is "prohibited from establishing and enforcing appropriate procedures to control the dissemination of classified information by executive branch employees to Members of Congress" and that it could be construed to limit the President's ability to prohibit negligent disclosures of classified information. Based on those objections, the President ordered that "executive branch officials implement the provisions of section 618 in a manner consistent with the Constitution." *See* Exhibit 1 to Plaintiff's Motion for a Preliminary Injunction.

ly forbids the government from implementing Standard Forms 312 and 4355 in Fiscal Year 1990. The plaintiff relies on the words in the first paragraph of § 618 which state, "No funds appropriated in this or any other Act for fiscal year 1990 may be used to implement or enforce the agreements in Standard Forms 312 and 4355...." Plaintiff feels that this mandate is not modified by the words that follow—"if such policy, form or agreement" violates subsection (1)–(5). Plaintiff also believes that the prohibition against implementing the forms is not modified by the last paragraph of the statute starting with the word *"Provided"*.

The defendants, on the other hand, contend that the statute should be read to prohibit the use of Standard Forms 312 and 4355 only to the extent that these forms violate the particular subsections (1)–(5).

Plaintiff has not chosen at this time to allege that SF 312 violates the specific prohibitions set forth in subsections (1) through (5) of § 618.[3] And without full briefing on the matter, the Court is neither able nor willing to determine whether the forms now in use do violate these specific provisions.

As stated earlier, the plaintiff's argument is simply that the first paragraph of § 618 flatly bans the implementation of SF 312 in this fiscal year, and that the government is acting illegally by continuing to make employees sign it.

Plaintiff argues that

[i]ndeed, all the Executive Branch needs to do to comply with such a ban is revise the form and assign it a new form number. While the Executive Branch risks alienating Congress and facing a subsequent ban on the revised form if its revisions do not also address Congress's underlying concerns, this modest action would bring it into compliance with Sec-

tion 618's ban on the implementation of SF 312.

Plaintiff's Memo. at 13.

The Court finds that neither the scant legislative history of § 618, nor the various rules of statutory construction, are so conclusive as to bind the Court as to which way this statute should be read. In fact, both sides find support for their arguments by looking to the legislative history and rules of statutory construction.

The defendants' view is that § 618, by its terms, treats all forms, including SF 312, in the same manner. The Court finds this interpretation to be sensible and concludes that § 618 must be read in that way. Defendants' reading of the statute allows this Court to follow the Supreme Court's directive and to avoid the constitutional issue. So long as SF 312 does not violate any of the specific subsections of § 618, the Executive Branch's use of the form and the statute are "susceptible of a reconciling interpretation." *American Foreign Service Association,* 109 S.Ct. at 1698.

If the Court were, on the other hand, to find the plaintiff's view of the statute was correct, then it would be required to deal with the issue of whether the statute unconstitutionally infringes upon the powers exclusively delegated to the Executive Branch. Although there is no need for the Court to reach this issue now, the Court notes that the plaintiff's reading of the statute might very well render it unconstitutional and unenforceable.

Since the Court interprets § 618 to prohibit SF 312 only if it violates the specific subsections (1)–(5) in § 618, and since the plaintiff has not alleged that SF 312 does violate any of those subsections, the plaintiff has failed to allege facts that state a claim upon which relief can be granted. The plaintiff's complaint must, therefore, be dismissed.

---

**3.** The plaintiff's motion for a preliminary injunction "concerns only the ban on implementation of SF 312, which is expressly enumerated in the statute." Plaintiff's Memo. in Support of its Prelim. Inj. Motion at 6. Furthermore, plaintiff's amended complaint itself fails to allege that SF 312 violates any of the specific provisions of § 618. The relief sought by the amended complaint is an injunction prohibiting the government from requiring employees "to sign SF 312 during the remainder of Fiscal Year 1990." Amended Complaint at 6.

CONCLUSION

The Court dismisses the plaintiff's amended complaint. The Court will not consider legal issues in the abstract. Plaintiff must allege facts that demonstrate a basis for relief. Therefore, plaintiff must again motion the Court to amend its complaint if it wishes the Court to consider whether SF 312 violates any of the specific subsections of § 618. In order to resolve that question, the Court would need full briefing on whether SF 312 does in fact violate the specific subsections of § 618 and whether § 618 is constitutional.